# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
### (Fort Myers Division)

Case No.: _____

CLAIRE DOOLEY,

    Plaintiff,

v.

NATIONAL SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

Removed from Circuit Court
of Lee County, Florida
Case No.: 22-CA-000671

## DEFENDANT'S NOTICE OF REMOVAL UNDER
## DIVERSITY OF CITIZENSHIP JURISDICTION 28 USCS § 1441

Defendant National Specialty Insurance Company, by and through its undersigned counsel, hereby gives notice pursuant to 28 U.S.C. § 1441 *et seq.*, of the removal of this action from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, bearing Case Number 22-CA-000671, to the United States District Court for the Middle District of Florida (Fort Myers Division) based on the following:

1.  On February 14, 2022, Plaintiffs filed a Complaint against Defendant National Specialty Insurance Company, in the Circuit Court of Lee County, Florida.

2.  Plaintiffs filed the instant action against Defendant alleging in Count I a breach of Contract for alleged wind and/or hail event which occurred on December

1

20, 2018 at 20768 Tisbury Lane North Fort Myers, Florida 33917. *See Exhibit A* at ¶¶ 5-7.

3. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00), exclusive of interest and costs, and is between citizens of different States.

4. Plaintiffs allege damages in the Complaint of greater than Thirty Thousand Dollars ($30,000.00), sufficient to allege jurisdiction in Circuit Court, the highest trial court in Florida state court, but insufficient to support diversity jurisdiction. *See Exhibit A* at ¶ 1.

5. Plaintiffs' Complaint does not allege the domicile of Plaintiffs.

6. Therefore, as originally filed, this action was not removable to federal court and this removal is not untimely for failure to remove within 30 days of service on Defendant as required by 28 U.S. C. 1446(b)(1).

7. Defendant is a Texas corporation with its principal place of business in Texas. *See Affidavit of Defendant's Corporate Representative, attached hereto as Exhibit B* ¶ 5, filed in Case No. 9:20-cv-80924, *Christopher Blythe v. National Specialty Insurance Company* in the United States District Court for the Middle District of Florida.s

8. The Florida Department of Corporations list Defendant's principal place of business in Texas. *See Exhibit C.*

9. 28 U.S.C § 1332(c)(1) provides in pertinent part that a corporation shall be deemed a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

10. On June 21, 2022, Plaintiffs admitted, in response to Defendant's Request for Admission Number 2, they not a citizen of the state of Texas and domiciled in the state of Texas. *See Exhibit D, Plaintiffs' Responses to Defendant's Request for Admissions.*

11. Therefore, the Plaintiff is not a citizen of Texas and Defendant is a citizen of Texas and, therefore, the citizenship of Plaintiff and Defendant are diverse.

12. On June 21, 2022, Plaintiff admitted, in response to Defendant's Request for Admission Number 3, "the amount of damages Plaintiffs are seeking in this matter, exclusive of attorney's fees and costs, is greater than Seventy-Five Thousand Dollars and No Cents ($75,000.00)." *See Exhibit D, Plaintiffs' Responses to Defendant's Request for Admissions.*

13. Therefore, the amount of controversy in has been met for removal pursuant to 28 U.S.C. § 1332(a)(1).

14. Plaintiff's responses to Defendant's Request for Admissions constitutes an "other paper" potentially supporting jurisdiction under 28 U.S.C. § 1446(b)(3).

15. 28 U.S.C. § 1441(a) provides in pertinent part "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

16. Since there is complete diversity between Plaintiffs and Defendant, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, this case subject to the original jurisdiction of the Court under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C § 1441(a).

17. 28 U.S.C § 1446(b)(3) provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added).

18. Defendant was served with Plaintiffs' Responses to Defendant's Request for Admissions on June 21, 2022, which Plaintiff admitted that they were not domiciled in Texas and the amount of controversy exceeded $75,000.00. This removal is within 30 days of the earliest notice of potential diversity jurisdiction given by an "other paper" after service of the complaint on Defendant.

19. Venue is proper in the United States District Court for the Middle District of Florida (Fort Meyers Division) because the underlying state court case filed in the Twentieth Judicial Circuit in and for Lee County, Florida.

20. A complete copy of all process, pleadings, and orders in the Circuit Court of Lee County, Florida, in Case No. 22-CA-000671, as required by 28 U.S.C. § 1446(a) is attached hereto as *Exhibit E*, Index of Record.

21. In compliance with 28, U.S.C. § 1446(d), Defendant has provided written Notice of Removal to the Circuit Court of Lee County, Florida, a copy of which is included within other state court documents attached hereto as *Exhibit F*.

WHEREFORE Defendant National Specialty Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court for the Middle District of Florida (Fort Meyers Division).

Date: July 21, 2022                                  Respectfully submitted,

*/s/ Arthur L. Jones, III*
Arthur L. Jones, III, Esq. (1008304)
Brian P. Henry, Esq. (0089069)
Rolfes Henry Co., LPA
5677 Broadcast Court
Sarasota, Florida 34240
T: 941-684-0100
F: 941-684-0109
E: ajones@rolfeshenry.com
E: cwells@rolfeshenry.com
E: bhenry@rolfeshenry.com
E: kdeglman@rolfeshenry.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been electronically filed by using the CM/ECF system, which will send a notice of electronic filing to all parties of record, this 21st day of July 2022.

Philip A. Rhodes, Esq.
(Fla. Bar No. 118395)
COHEN LAW GROUP
350 North Lake Destiny Road
Maitland, FL 32751
T: (407) 478-4878
F: (407) 478-0204
E: prhodes@itsaboutjustice.law
E: kristinawhalen@itsaboutjustice.law

*Attorney for Plaintiffs*

/s/ *Arthur L. Jones, III*
Arthur L. Jones, III, Esq. (1008304)