UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLAIRE DOOLEY,

    Plaintiff,

v.                                               Case No:  2:22-cv-440-JLB-NPM

NATIONAL SPECIALTY INSURANCE
COMPANY,[1]

    Defendant.
_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion to Remand (Doc. 14) and Defendant's response thereto (Doc. 21).  Upon careful review of the Motion to Remand and Defendant's response, the Court finds that the Notice of Removal (Doc. 1) was timely filed.  Accordingly, Plaintiff's Motion to Remand (Doc. 14) is **DENIED**.

## BACKGROUND

On July 21, 2022, Defendant filed a Notice of Removal Under Diversity of Citizenship Jurisdiction 28 USCS [sic] § 1441.  (Doc. 1).  The Notice of Removal states that on February 14, 2022, Plaintiff filed a complaint against defendant National Specialty Insurance Company, in the Circuit Court of Lee County, Florida

---

[1] Defendant National Specialty Insurance Company states that it was improperly named as Velocity Risk Underwriters, LLC.  (Doc. 21 at 1).  Notably, Plaintiff's Complaint names National Specialty Insurance Company as the defendant.  (*See* Doc. 4).  In any event, when the Court uses the term "Defendant," it refers to National Specialty Insurance Company.

1

for breach of contract. (*Id.* at ¶¶ 1–2). Additionally, the notice asserts that the complaint failed to (i) allege Plaintiff's domicile and (ii) allege whether the damages in the complaint exceed $75,000.00. (*Id.* at ¶¶ 4–5). Accordingly, Defendant contends that the action was not removable to federal court when the complaint was originally filed. (*Id.* at ¶ 6).

Defendant states that it is a Texas corporation with its principal place of business in Texas. (*Id.* at ¶ 7). Moreover, according to Defendant, on June 21, 2022, Plaintiff admitted, in response to Defendant's Request for Admission Number 2, that she is not a citizen of or domiciled in the state of Texas. (*Id.* at ¶ 10 (citing Doc 1-4 at ¶ 2)). Accordingly, Defendant avers that the citizenship of Plaintiff and Defendant is diverse. (*Id.* at ¶ 11).

Defendant also states that on June 21, 2022, Plaintiff admitted, in response to Defendant's Request for Admission Number 3, that the amount of damages Plaintiff seeks, exclusive of attorney's fees and costs, is greater than $75,000.00. (*Id.* at ¶ 12 (citing Doc 1-4 at ¶ 3)). Defendant concludes that there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and therefore removal is proper under 28 U.S.C. § 1441(a). (*Id.* at ¶ 16).

Plaintiff filed the instant Motion to Remand on August 15, 2022. (Doc. 14). The motion, as set forth below, contends that removal was untimely because Defendant removed the case outside of the applicable thirty-day period. (*Id.* at 1). Defendant responds that it timely filed the Notice of Removal within thirty days of

receiving Plaintiff's responses to its Requests for Admission. (*See* Doc. 21 at 2–6).

## LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, provided that the district court has jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction exists when the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of proving proper federal jurisdiction. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Because federal courts are courts of limited jurisdiction, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Williams v. AFC Enters., Inc.*, 389 F.3d 1185, 1189 (11th Cir. 2004) (internal quotation marks omitted).

## DISCUSSION

The law requires a defendant to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). But a statutory exception to this requirement exists:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

3

28 U.S.C. § 1446(b)(3).

The plain language of section 1446(b)(3) is clear that this exception is applicable only if "the case as stated in the initial pleading is not removable" and "it may be *first* ascertained" from a copy of an amended pleading, that the case is removable. 28 U.S.C. § 1446(b)(3) (emphasis added); *see also* 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 3731 (4th ed. 2011) ("[A]n amendment of the complaint will not revive the period for removal if the state-court case previously was removable but the defendant failed to exercise the right to remove.").

Defendant's Notice of Removal states that Plaintiff's complaint did not allege Plaintiff's domicile. (Doc. 1 at ¶ 5). Plaintiff disagrees, pointing out that the complaint states: "At all material times hereto, Plaintiff, Claire Dooley . . . was and is a Florida resident." (Doc. 14 at 2; Doc 1-1 at 5). Defendant counters that domicile requires both residence in a state and an intention to remain there indefinitely, and while Plaintiff pleaded "residency" in her complaint, the complaint did not allege her citizenship. (Doc. 21 at 3).

Defendant is correct. "Citizenship, for jurisdictional purposes, is the equivalent of one's domicile, not residence." *Morris v. Sun Communities, Inc.*, No.: 2:22-cv-547-JLB-KCD, 2022 WL 4093067, at *1 (M.D. Fla. Sept. 7, 2022) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2022)). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . .

4

." *McCormick*, 293 F.3d at 1257–58 (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974), *cert. denied*, 419 U.S. 842 (1974)) (quotation marks omitted). Because the complaint only alleged that Plaintiff was a Florida resident and did not allege where she was domiciled, the complaint did not establish citizenship and the thirty-day period for removal did not begin to run as of the filing of the complaint. *See Hernandez v. Burlington Coat Factory of Fla., LLC*, No. 2:15-cv-403-FtM-29CM, 2015 WL 5008863 at *2 (M.D. Fla. Aug. 20, 2015) ("While Plaintiff correctly notes that the Complaint alleges that she is a Florida *resident*, residency is not the same as citizenship") (citing *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013)). Plaintiff points to no other evidence that Defendant had notice of her citizenship before her response to the Requests for Admission. Therefore, the Notice of Removal, filed thirty days after Defendant's receipt of Plaintiff's responses to the Requests for Admission, was timely under 28 U.S.C. § 1446(b)(3).

Moreover, there is no dispute that the amount in controversy is at least $75,000.00. (Doc. 1 at ¶ 12; Doc. 14 at 1). Plaintiff contends that Defendant was on notice of the amount in controversy more than thirty days before the Notice of Removal was filed. (Doc. 14 at 3–4). Even if Defendant was on notice of the amount in controversy, however, as set forth above, Defendant was not on notice of Plaintiff's citizenship until June 21, 2022, exactly thirty days before the Notice of Removal was filed. Because both diversity of citizenship and amount in controversy of at least $75,000.00 are required to establish federal jurisdiction, the Court need not reach the issue of whether Defendant was on notice of the amount in

controversy before filing its Notice of Removal. *See e.g., Hackshaw v. Ferguson Enters., LLC*, No. 20-60298-CIV-MORENO, 2020 WL 1501687, at *4 n.3 (S.D. Fla. Mar. 30, 2020) ("Because the Court finds there is not complete diversity, the Court need not reach [plaintiff's] other argument that the case should be remanded because the amount-in-controversy does not exceed $75,000.").

## CONCLUSION

For the reasons stated above, the Court finds that Defendant timely filed its Notice of Removal (Doc. 1) and therefore, Plaintiff's Motion to Remand (Doc. 14) is **DENIED**.

**ORDERED** at Fort Myers, Florida on January 30, 2023.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE